# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

Electronically Filed
1/28/2020 9:34 AM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
MICHAEL C. KANE. ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JASON C. BARRON, ESQ.
Nevada Bar No. 7270
**THE702FIRM**
400 S. 7th Street, Suite 400
Las Vegas, Nevada 89101
Telephone:     (702) 776-3333
Facsimile:     (702) 505-9787
E-Mail:        mike@the702firm.com
               brad@the702firm.com
               jason@the702firm.com
and
ADAM S. KUTNER, ESQ.
Nevada Bar No. 4310
**ADAM S. KUTNER, P.C.**
1137 South Rancho Drive, Suite 150-A
Las Vegas, Nevada 89102
Telephone:     (702) 382-0000
*Attorneys for Plaintiff*

CASE NO: A-20-809306-C
Department 24

## DISTRICT COURT

## CLARK COUNTY, NEVADA

MARYLOU QUIACUSAN,

    Plaintiff,

vs.

BURLINGTON COAT FACTORY WAREHOUSE CORPORATION., a Delaware Corporation; DOES I through X, inclusive, Nevada Residents; and ROE CORPORATIONS I through X, inclusive, Nevada Corporate Entities;

    Defendants.

Case No. :
Dept. No.:

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff MARYLOU QUIACUSAN, by and through her attorneys of record, MICHAEL

C. KANE, ESQ., BRADLEY J. MYERS, ESQ., and JASON C. BARRON, ESQ., of

THE702FIRM, for her Complaint against the Defendant, states, asserts and alleges as follows:

THE702FIRM
ATTORNEYS AT LAW
0 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

1

### GENERAL ALLEGATIONS

1.      Plaintiff, MARYLOU QUIACUSAN ("QUIACUSAN"), is and was, at all times relevant to these proceedings, a resident of Clark County, Nevada.

2.      Upon information and belief, Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION ("BURLINGTON"), is and was, a Delaware Corporation, duly authorized and conducting business in the County of Clark, State of Nevada.

3.      That the true names and capacities of the Defendants, DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by said fictitious names.  Plaintiff is informed, believes and therein alleges that each of the Defendants designated as DOES I through X and ROE CORPORATIONS I through X are Nevada residents and/or Nevada corporate entities, and in some manner negligently responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged.

4.      Plaintiff is informed, believes and therein alleges that each of the Defendants designated as DOES I through X and ROE CORPORATIONS I through X, are owners, agents, employees, general contractors, sub-contractors, and/or assigns of Defendants, who while within the scope and course of their employment with said Defendants, were responsible for the negligence alleged herein. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names, whether individual, corporate, associate or otherwise, of such Defendants when the same have been ascertained to join such Defendants in this action together with the proper charging allegations pursuant to *Nurenburger Hercules-Werke GMGH v. Virosteck,* 107 Nev. 873, 822 P.2d 11000 (1991).

5.      Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendants, and each of them, including DOE and ROE Defendants, were principals/agents, masters/servants, employers/employees, and/or joint venture partners and/or

employees of the remaining Defendants and were acting within the course and scope of such agency, employment, partnership, and/or joint venture and with the knowledge and consent of the remaining Defendants. As such, each partner, employer, master, and/or principal is vicariously liable for the said negligent actions of its employee, servant, and/or agent pursuant to NRS 41.130.

6.   Upon further information and belief, Defendant BURLINGTON operated, controlled, leased, managed, performed work, maintained, promoted, advertised, provided briefings about, employed or otherwise engaged in actions surrounding the property located at 5959 West Sahara Avenue, Las Vegas, Clark County, Nevada, more commonly known as BURLINGTON COAT FACTORY Store #213, hereinafter referred to as "BURLINGTON".

7.   On or about September 22, 2018, Plaintiff QUIACUSAN was lawfully present at BURLINGTON as an invitee of BURLINGTON when she slipped and fell on liquid on the floor located approximately between a checkout line and the main exit ("Dangerous Condition").

8.   Upon information and belief, DOE Defendants and/or ROE CORPORATIONS created, observed, knew, or were informed of the Dangerous Condition and failed to clean up the liquid or warn anyone about the Dangerous Condition.

## JURISDICTION

9.   Plaintiff repeats and realleges the allegations above as though fully set forth herein at length.

10.   The Eighth Judicial District Court has jurisdiction of this civil tort action in accordance with NRCP8 (a)(4), NRS 13.040 and NRS 41.130 as the incident and location occurrence giving rise to this matter occurred in Clark County, Nevada and the amount in controversy exceeds $15,000.

/ / /

/ / /

/ / /

## FIRST CLAIM FOR RELIEF
### (*Negligence – Premises Liability*)

11.     Plaintiff repeats and realleges the allegations above as though fully set forth herein at length.

12.     On or about September 22, 2018, upon information and belief, Defendants and/or certain DOES and/or ROE CORPORATIONS owed a duty of care to its patrons, including Plaintiff, and either negligently created the Dangerous Condition and/or negligently failed to provide adequate maintenance and warnings of the same.

13.     Defendants' breach of their duty of care directly and proximately caused injury to Plaintiff.

14.     Defendants, and each of them, knew or should have known that the failure to adequately maintain their premises could lead to injury.

15.     At all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants, and each of them.

16.     Plaintiff was a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted or promulgated.

17.     Plaintiff's injuries were the type of injuries that said statutes, ordinances, and regulations were intended to prevent.

18.     As a further direct and proximate result of Defendants' negligence, Plaintiff suffered physical and mental pain, disfigurement, shock and agony, and incurred medical bills, all to her damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

19.     Plaintiff has been compelled to retain the services of an attorney to represent her in this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF
*(Negligent Hiring, Training, Retention, and Supervision)*

20.     Plaintiff repeats and realleges the allegations above as though fully set forth herein at length.

21.     At all times mentioned herein, Defendants BURLINGTON and DOE Defendants and/or ROE CORPORATIONS, had a duty to hire competent persons and properly train and supervise them in performance of their work duties.

22.     Defendants BURLINGTON, DOE and/or ROE entities breached their duty to properly train, supervise, retain and/or supervise its employees.

23.     As a direct and proximate result of aforementioned Defendants' negligence in hiring, training, supervising, and/or controlling employee(s), including Defendants' Doe Employees, in failing to warn, remedy and/or otherwise avoid the Dangerous Condition, Plaintiff has suffered severe injuries and sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

24.     Plaintiff has been forced to retain the services of an attorney in this action and is entitled to reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on all claims for relief against the Defendants, and each of them, as follows:

1.     General Damages for Plaintiff's pain, suffering, disfigurement, emotional distress, shock, loss of enjoyment of life, and agony in an amount in excess of $15,000.00.

2.     Special Damages for Plaintiffs' medical expenses in an amount excess of $15,000.00.

/ / /

/ / /

3.      Costs of suit incurred including reasonable attorneys' fees.

4.      For such other relief as the Court deems just and proper.

DATED this _____ day of January 2020.

THE702FIRM

_____
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JASON C. BARRON, ESQ.
Nevada Bar No. 7270
400 S. 7th Street, Suite 400
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her attorneys of record, THE702FIRM, hereby demands a jury trial of all of the issues in the above matter.

DATED this _____ day of January 2020.

THE702FIRM

_____
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JASON C. BARRON, ESQ.
Nevada Bar No. 7270
400 S. 7th Street, Suite 400
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

SUMM

# District Court

### CLARK COUNTY, NEVADA

| | |
|---|---|
| MARYLOU QUIACUSAN; | CASE NO. ~~CASE NO: A-20-809306-C~~ |
| **Plaintiff(s),** | DEPT. NO. _____ Department 24 |
| -vs- | |
| BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, a Delaware Corporation; DOES I through X, inclusive, Nevada Residents; and ROE CORPORATIONS I through X, inclusive, Nevada Corporate Entities; | **SUMMONS – CIVIL** |
| **Defendant(s),** | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:
   (a)   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b)   Serve a copy of your response upon the attorney whose name and address is shown below.
2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.
3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.
4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint

Submitted by:

STEVEN D. GRIERSON
CLERK OF COURT

By: _____      1/28/2020

BRADLEY J. MYERS, ESQ. (8857)
MICHAEL C. KANE, ESQ. (10096)
JASON C. BARRON, ESQ. (7270)
**THE702FIRM**
400 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 776-3333
*Attorneys for Plaintiff*

DEPUTY CLERK                           Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155
Marie Kramer

Electronically Filed
1/28/2020 9:34 AM
Steven D. Grierson
CLERK OF THE COURT

1  **IAFD**
   MICHAEL C. KANE. ESQ.
2  Nevada Bar No. 10096
   BRADLEY J. MYERS, ESQ.
3  Nevada Bar No. 8857
   JASON C. BARRON, ESQ.
4  Nevada Bar No. 7270
5  **THE702FIRM**
   400 S. 7th Street, Suite 400
6  Las Vegas, Nevada 89101
   Telephone:    (702) 776-3333
7  Facsimile:    (702) 505-9787
8  E-Mail:    mike@the702firm.com
            brad@the702firm.com
9            jason@the702firm.com
   and
10 ADAM S. KUTNER, ESQ.
   Nevada Bar No. 4310
11 **ADAM S. KUTNER, P.C.**
12 1137 South Rancho Drive, Suite 150-A
   Las Vegas, Nevada 89102
13 Telephone:    (702) 382-0000
   *Attorneys for Plaintiff*
14

**CASE NO: A-20-809306-C**
**Department 24**

15                    **DISTRICT COURT**

16                **CLARK COUNTY, NEVADA**

17 MARYLOU QUIACUSAN,                    Case No. :
                                         Dept. No.:
18         Plaintiff,
19 vs.
20 BURLINGTON COAT FACTORY WAREHOUSE
   CORPORATION, a Delaware Corporation; DOES I
21 through X, inclusive, Nevada Residents; and ROE
   CORPORATIONS I through X, inclusive, Nevada
22 Corporate Entities;
23         Defendants.
24

25          **PLAINTIFF'S INITIAL APPEARANCE FEE DISCLOSURE**

26     Plaintiff MARYLOU D QUIACUSAN, by and through her attorneys of record, MICHAEL
27
   C. KANE, ESQ., BRADLEY J. MYERS, ESQ., and JASON C. BARRON, ESQ., of
28

THE702FIRM
ATTORNEYS AT LAW
1001 S. 3rd
SUITE 200
LAS VEGAS, NEVADA 89101
PHONE: (702) 608-5263

1

Case Number: A-20-809306-C

1    THE702FIRM, hereby files this Initial Appearance Fee Disclosure for the first appearance filing

2    fee of $270.00.

3        DATED this _____ day of January 2020.

4                                    THE702FIRM

5

6                                    _____

7                                    BRADLEY J. MYERS, ESQ.
                                     Nevada Bar No. 8857
8                                    MICHAEL C. KANE, ESQ.
                                     Nevada Bar No. 10096
9                                    JASON C. BARRON, ESQ.
                                     Nevada Bar No. 7270
10                                   400 South 7th Street #400
                                     Las Vegas, Nevada 89101
11                                   *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE702FIRM
ATTORNEYS AT LAW
1001 S. 3rd
SUITE 200
LAS VEGAS, NEVADA 89101
PHONE: (702) 608-5263

2

Electronically Filed
2/12/2020 9:15 AM
Steven D. Grierson
CLERK OF THE COURT

**ANS**
**JONATHAN J. HANSEN, ESQ.**
Nevada Bar No. 7002
**HANSEN & HANSEN, LLC**
9030 W. Cheyenne Ave. #210
Las Vegas, NV  89129
(702) 906-1300: office
(702) 620-5732: facsimile
jjhansen@hansenlawyers.com
*Attorney for Defendant*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARYLOU QUIACUSAN,<br><br>               Plaintiff,<br><br>v.<br><br>BURLINGTON COAT FACTORY<br>WAREHOUSE CORPORATION, a Delaware<br>Corporation; DOES I through X, inclusive,<br>Nevada Residents; and ROE CORPORATIONS<br>I though X, inclusive, Nevada Corporate<br>Entities,<br><br>               Defendants, | CASE NO.:    A-20-809306-C<br>DEPT. NO.:    24 |

**ANSWER**

COMES NOW, the Defendants, BURLINGTON COAT FACTORY WAREHOUSE

CORPORATION, by and through its attorney, Jonathan J. Hansen, Esq., of the law firm HANSEN

& HANSEN, LLC, and for answer to the Plaintiff's Complaint on file herein, deny, admit and allege

as follows:

**I.**

Answering Paragraphs 1, 2, 3, 4, 5, 6, and 7 of the Plaintiff's Complaint, this answering

Defendant alleges that it does not have sufficient knowledge or information upon which to base a

belief as to the truth of the allegations contained therein and upon said ground denies each and every

allegation contained therein.

## II.

Answering Paragraph 8 of the Plaintiff's Complaint, this answering Defendant denies each and every allegation contained therein.

## III.

Answering Paragraph 9 of the Jurisdiction of the Plaintiff's Complaint, this answering Defendant restates and realleges its answers to paragraph 1 through 8 as though set forth fully herein.

## IV.

Answering Paragraph 10 of the Jurisdiction of the Plaintiff's Complaint, this answering Defendant alleges that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein and upon said ground denies each and every allegation contained therein.

## V.

Answering Paragraph 11 of the First Claim for Relief this answering Defendant restates and realleges its answers to paragraph 1 through 10 as though set forth fully herein.

## VI.

Answering Paragraphs 12, 13, 14, 15, and 19 of the First Claim for Relief of the Plaintiff's Complaint, this answering Defendant denies each and every allegation contained therein.

## VII.

Answering Paragraphs 16 and 17 of the First Claim for Relief of the Plaintiff's Complaint, this answering Defendant alleges that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein and upon said ground denies each and every allegation contained therein.

/ / /

**VIII.**

Answering Paragraph 18 of the First Claim for Relief of the Plaintiff's Complaint, this answering Defendant denies that the Plaintiff was damaged in the sums alleged or in any sum whatsoever.

**IX.**

Answering Paragraph 20 of the Second Claim for Relief of the Plaintiff's Complaint, this answering Defendant restates and realleges its answers to paragraph 1 through 19 as though set forth fully herein.

**X.**

Answering Paragraph 21 of the Second Claim for Relief of the Plaintiff's Complaint, this answering Defendant alleges that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein and upon said ground denies each and every allegation contained therein.

**XI.**

Answering Paragraphs 22 and 24 of the Second Claim for Relief of the Plaintiff's Complaint, this answering Defendant denies each and every allegation contained therein.

**XII.**

Answering Paragraph 23 of the Second Claim for Relief of the Plaintiff's Complaint, this answering Defendant denies that the Plaintiff was damaged in the sums alleged or in any sum whatsoever.

/ / /

/ / /

/ / /

/ / /

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the negligence of the Plaintiff caused or contributed to her injuries and she is comparatively at fault, or that her negligence exceeds that of the Defendant, if any, and that the Plaintiff is thereby barred from any recovery.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the Plaintiff fails to name a patty necessary for full and adequate relief essential in this action.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that the allegations contained in the Plaintiff's Complaint fail to state a cause of action against Defendant upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that the injuries or damage sustained by the Plaintiff are a direct and proximate result of the intervening or other acts of a person or persons over whom this Defendant exercised no control and with whom this Defendant has no legal relationship.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to mitigate her damages.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that the injuries, if any, suffered by the Plaintiff as set forth in the Plaintiff's Complaint were caused in whole or in part by the negligence of a third patty over which Defendant had no control or authority.

/ / /

/ / /

/ / /

4

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that any alleged hazard was open and obvious to the Plaintiff and the Plaintiff was or should have been aware of said condition before the alleged incident occurred, and that Plaintiff voluntarily confronted said open and obvious condition.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that at the time and place alleged in the Complaint, Plaintiff did not exercise ordinary care, caution or prudence in the premises to avoid said accident, and the resulting injuries complained of, if any, were directly and proximately contributed to and caused by the fault, carelessness and negligence of the Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

Defendant is not the real party in interest or is improperlyy named in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiff has failed to timely plead this matter and has thereby delayed the litigation and investigation of this claim to the prejudice of the Defendant and accordinglyy this action should be dismissed.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiffs causes of action as set forth in the Complaint are barred by the Statute of Limitations as contained in Chapter 11 of the Nevada Revised Statutes.

**TWELVTH AFFIRMATIVE DEFENSE**

Plaintiff failed to join one or more indispensable parties so as to permit the court to grant the relief which is requested and prayed for in the Complaint.

/ / /

/ / /

5

### THIREENTH AFFIRMATIVE DEFENSE

That any improper acts or omissions to act alleged against Defendants were committed with knowledge, actual and/or implied, of Plaintiff. On the basis of such ratification by Plaintiff, Defendants owe no liability wwhatsoever to Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

That by virtue of the conduct of the Plaintiff, or her authorized representatives and agents, and/or by virtue of her own omission to act under the circumstances, Plaintiff is barred from any recovery by virtue of her unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time and place alleged in the Complaint, Plaintiff did not exercise ordinary care, caution or prudence in the premises to avoid said accident, and the resulting injuries complained of, if any, were directly and proximately contributed to and caused by the fault, carelessness and negligence of the Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

That by virtue of the acts, conduct, and/or omission to act under the circumstances, Defendant has been released and discharged from any liability to the Plaintiff, which liability is expressly denied.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the Plaintiff has failed to timely plead this matter and has thereby delayed the litigation and investigation of this claim to the prejudice of the Defendant and accordingly this action should be dismissed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Nevada Rules of Civil Procedure as fully set forth herein. Some of the foregoing

Affirmative Defenses have been pled for purposes of non-waiver. All possible affirmative defenses may not have been raised herein as sufficient facts were not available after reasonable inquiry upon the filing of this Answer and, therefore, Defendant reserves the right to amend the Answer or allege additional affirmative defenses if subsequent investigation so warrants.

(NOTE: Some or all of the affirmative defenses above pled may have been pled for purposes of non-waiver pending discovery. Other affirmative defenses may be added as discovery continues.)

WHEREFORE, Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, demands judgment that the Plaintiff take nothing by way of her Complaint on file herein and that she go hence with her costs herein incurred and that Defendants be awarded reasonable attorney's fees.

DATED this 12th day of February 2020.

HANSEN & HANSEN, LLC.

BY:     /s/ Jonathan J. Hansen
        JONATHAN J. HANSEN, ESQ.
        Nevada Bar No. 7002
        9030 W. Cheyenne Ave. #210
        Las Vegas, NV  89129
        Attorney for Defendants

7

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5 (b), I hereby certify that on this 12th day of February 2020 I served a copy of the foregoing ANSWER as follows:

X  Electronic Service - via the Court's electronic service system; and/or

☐  U.S. Mail – By depositing a true copy thereof in the U.S. mail, first class postage prepaid and addressed as listed below; and/or

☐  Facsimile – By facsimile transmission pursuant to EDCR 7.26 to the facsimile number(s) shown below and in the confirmation sheet filed herewith. Consent to service under NRCP 5(b)(2)(D) shall be assumed unless an objection to service by facsimile transmission is made in writing and sent to the sender via facsimile within 24 hours of receipt of this Certificate of Service; and/or

☐  Hand Delivery – By hand - delivery to the address listed below.

Michael C. Kane, Esq.
Bradley J. Myers, Esq.
Jason C. Barron, Esq.
THE702FIRM
400 S. 7th Street, Ste. 400
Las Vegas NV 89101
and
Adam S. Kutner, Esq.
ADAM S. KUTNER, P.C.
1137 S. Rancho Dr., Ste. 150A
Las Vegas NV 89102
*Attorneys for Plaintiff*

/s/ Lisa M. Sabin
An Employee of Hansen & Hansen, LLC

Electronically Filed
2/12/2020 9:15 AM
Steven D. Grierson
CLERK OF THE COURT

1

**IAFD**
**JONATHAN J. HANSEN, ESQ.**
Nevada Bar No. 7002
**HANSEN & HANSEN, LLC**
9030 W. Cheyenne Ave. #210
Las Vegas, NV 89129
(702) 906-1300: office
(702) 620-5732: facsimile
jjhansen@hansenlawyers.com
*Attorney for Defendant*

2

3

4

5

6

7

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

8

9

MARYLOU QUIACUSAN,

Plaintiff,

10

11

v.

12

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION, a Delaware
Corporation; DOES I through X, inclusive,
Nevada Residents; and ROE CORPORATIONS
I though X, inclusive, Nevada Corporate
Entities,

Defendants,

13

14

15

16

CASE NO.:    A-20-809306-C
DEPT. NO.:    24

17

**INITIAL APPEARANCE FEE DISCLOSURE**
**(NRS CHAPTER 19)**

18

19

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

20

parties appearing in the above entitled action as indicated below:

21

Name of Defendant    -    Burlington Coat Factory                    $223.00

22

TOTAL REMITTED:                                            $223.00

23

DATED this 12th day of February 2020.

24

25

HANSEN & HANSEN, LLC.

BY:    /s/ Jonathan J. Hansen
JONATHAN J. HANSEN, ESQ.
Nevada Bar No. 7002
9030 W. Cheyenne Ave. #210
Las Vegas, NV 89129
Attorney for Defendants

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to NRCP 5 (b), I hereby certify that on this 12th day of February 2020 I served a copy of the foregoing INITIAL APPEARANCE FEE DISCLOSURE as follows:

<u>X</u>       Electronic Service - via the Court's electronic service system; and/or

☐       U.S. Mail – By depositing a true copy thereof in the U.S. mail, first class postage prepaid and addressed as listed below; and/or

☐       Facsimile – By facsimile transmission pursuant to EDCR 7.26 to the facsimile number(s) shown below and in the confirmation sheet filed herewith. Consent to service under NRCP 5(b)(2)(D) shall be assumed unless an objection to service by facsimile transmission is made in writing and sent to the sender via facsimile within 24 hours of receipt of this Certificate of Service; and/or

☐       Hand Delivery – By hand - delivery to the address listed below.

Michael C. Kane, Esq.
Bradley J. Myers, Esq.
Jason C. Barron, Esq.
THE702FIRM
400 S. 7th Street, Ste. 400
Las Vegas NV 89101
and
Adam S. Kutner, Esq.
ADAM S. KUTNER, P.C.
1137 S. Rancho Dr., Ste. 150A
Las Vegas NV 89102
*Attorneys for Plaintiff*

/s/ Lisa M. Sabin
An Employee of Hansen & Hansen, LLC

2

Electronically Filed
2/12/2020 9:15 AM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**
**JONATHAN J. HANSEN, ESQ.**
Nevada Bar No. 7002
**HANSEN & HANSEN, LLC**
9030 W. Cheyenne Ave. #210
Las Vegas, NV 89129
(702) 906-1300: office
(702) 620-5732: facsimile
jjhansen@hansenlawyers.com
*Attorney for Defendant*

### DISTRICT COURT
### CLARK COUNTY, NEVADA

| | |
|---|---|
| MARYLOU QUIACUSAN, | CASE NO.:   A-20-809306-C |
| Plaintiff, | DEPT. NO.:   24 |
| v. | |
| BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, a Delaware Corporation; DOES I through X, inclusive, Nevada Residents; and ROE CORPORATIONS I though X, inclusive, Nevada Corporate Entities, | |
| Defendants, | |

### **DEMAND FOR JURY TRIAL**

COME NOW, the Defendant BURLINGTON COAT FACTORY WAREHOUSE

CORPORATION, by and through its attorney, JONATHAN J. HANSEN, ESQ., of the law firm

HANSEN & HANSEN, LLC., and demand a jury trial of all of the issues in the above matter.

DATED this 12th day of February 2020.

HANSEN & HANSEN, LLC.

BY:     /s/ Jonathan J. Hansen
JONATHAN J. HANSEN, ESQ.
Nevada Bar No. 7002
9030 W. Cheyenne Ave. #210
Las Vegas, NV 89129
Attorney for Defendants

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5 (b), I hereby certify that on this 12th day of February 2020 I served a copy of the foregoing DEMAND FOR JURY TRIAL as follows:

    X       Electronic Service - via the Court's electronic service system; and/or

    ☐       U.S. Mail – By depositing a true copy thereof in the U.S. mail, first class postage prepaid and addressed as listed below; and/or

    ☐       Facsimile – By facsimile transmission pursuant to EDCR 7.26 to the facsimile number(s) shown below and in the confirmation sheet filed herewith. Consent to service under NRCP 5(b)(2)(D) shall be assumed unless an objection to service by facsimile transmission is made in writing and sent to the sender via facsimile within 24 hours of receipt of this Certificate of Service; and/or

    ☐       Hand Delivery – By hand - delivery to the address listed below.

Michael C. Kane, Esq.
Bradley J. Myers, Esq.
Jason C. Barron, Esq.
THE702FIRM
400 S. 7th Street, Ste. 400
Las Vegas NV 89101
and
Adam S. Kutner, Esq.
ADAM S. KUTNER, P.C.
1137 S. Rancho Dr., Ste. 150A
Las Vegas NV 89102
*Attorneys for Plaintiff*

/s/ Lisa M. Sabin_____
An Employee of Hansen & Hansen, LLC

2

Electronically Filed
2/20/2020 1:10 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ABREA**
   MICHAEL C. KANE, ESQ.
2  Nevada Bar No. 10096
   BRADLEY J. MYERS, ESQ.
3  Nevada Bar No. 8857
   JASON C. BARRON, ESQ.
4  Nevada Bar No. 7270
5  **THE702FIRM**
   400 South 7th Street, #400
6  Las Vegas, Nevada 89101
   Telephone:    (702) 776-3333
7  Facsimile:    (702) 505-9787
8  E-Mail:       mike@the702firm.com
                 brad@the702firm.com
9                jason@the702firm.com
   and
10
   ADAM S. KUTNER, ESQ,
11 Nevada Bar No. 4310
12 **ADAM S. KUTNER, P.C.**
   1137 S. Rancho Drive, Suite 150-A
13 Las Vegas, NV  89102
   Telephone: (702) 382-0000
14 *Attorneys for Plaintiff*
15 MARYLOU QUIACUSAN,

   **DISTRICT COURT**
16
   **CLARK COUNTY, NEVADA**
17

18 MARYLOU QUIACUSAN,                      Case No. :    A-20-809306-C
                                           Dept. No.:    24
19        Plaintiff,
   vs.                                     **PLAINTIFF'S REQUEST FOR**
20                                         **EXEMPTION FROM ARBITRATION**
   BURLINGTON       COAT      FACTORY
21 WAREHOUSE CORPORATION, a Delaware
   Corporation; DOES I through X, inclusive,
22 Nevada Residents; and ROE CORPORATIONS I
   through X, inclusive, Nevada Corporate Entities;
23
24        Defendants.

25        Plaintiff, by and through her counsel of record, MICHAEL C. KANE, ESQ., BRADLEY

26 J. MYERS, ESQ., and JASON C. BARRON, ESQ. of THE702FIRM, hereby requests that the

27 above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5,

28 because the action has a probable jury award value in excess of $50,000.00.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF RELEVANT FACTS

This case involves a slip and fall incident that occurred on September 22, 2018, in Las Vegas, Nevada at the premises of Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, located at 5959 West Sahara Avenue in Las Vegas, Nevada. Plaintiff, Marylou Quiacusan, a business invitee, was walking near a cash register toward the exit when she slipped on a foreign liquid substance on the floor. As a result of the incident, Plaintiff sustained significant injuries.

## INJURIES AND DAMAGES

The day following the incident, Ms. Quiacusan presented to UMC Quick Care- Nellis, with complaints of right sided back pain, rib pain, right sided low back pain, back muscle spasms, and right hand pain. She was examined, x-rays were taken, and she was discharged with a right Velcro wrist splint, pain medication, anti-inflammatories, and instructions to follow-up with her own primary care provider.

On October 4, 2018, Ms. Quiacusan consulted with Advanced Orthopedics & Sports Medicine. In addition to the back pain, she also complained of right knee pain and swelling. An MRI of the right knee confirmed: **Acute medial meniscus tear; Acute lateral meniscus tear; Acute synovitis; and Acute chondromalacia**. On December 13, 2018, she underwent lateral meniscectomy, medial meniscectomy, excision of plica and synovectomy, and chondroplasty.

## MEDICAL SPECIALS TO DATE

| | MEDICAL PROVIDER(S) | DATE(S) OF SERVICE | CHARGES |
|---|---|---|---|
| 1. | UMC Quick Care – Nellis | 09/23/2018 | $2,945.89 |
| 2. | Desert Radiologists | 09/23/2018 – 02/12/2019 | $280.83 |
| 3. | Align Med Nellis | 09/28/2018 – 10/03/2018 | $500.00 |
| 4. | Advanced Orthopedics & Sports Medicine | 10/02/2018 – 06/05/2019 | $20,545.00 |
| 5. | Radar Medical Group | 10/31/2018 | $4,689.00 |
| 6. | LabCorp | 11/24/2018 | $812.00 |

| 7. | Parkway Surgery Center | 12/13/2018 | $12,544.37 |
| 8. | US Anesthesia Partners | 12/13/2018 | $1,043.00 |
| 9. | Select Physical Therapy | 01/09/2019 – 03/12/2019 | $2,461.00 |
| | **PARTIAL TOTAL** | | **$45,821.09** |

Due to the nature of Plaintiff's injuries, and the likelihood of permanence, the extent of damages in this matter is well in excess of the arbitration limit of $50,000.00.

### CONCLUSION

Based on the above and foregoing, Plaintiff respectfully request that the Arbitration Commissioner exempt this case from the arbitration program in accordance with NAR 3A and 5A.

I hereby certify, pursuant to N.R.C.P. 11, this case to be within the exemption marked above and am aware of the sanctions, which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this 20 day of February, 2020.

THE702FIRM

_____

MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JASON C. BARRON, ESQ.
Nevada Bar No. 7270
400 South 7th Street #400
Las Vegas, Nevada  89101
*Attorneys for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the _20_ day of February, 2020, I caused service of a true and correct copy of the foregoing **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** to be made by the Eighth Judicial District Court's Odyssey E-File and Serve program, upon all parties registered to use this service, in accordance with the Clark County District Court's Administrative Order No. 14-2, issued 5/9/14:

Jonathan J. Hansen, Esq.
**HANSEN & HANSEN, LLC**
9030 West Cheyenne Avenue, Suite 210
Las Vegas, NV  89129
Ph. (702) 906-1300
Attorneys for Defendant
*BURLINGTON COAT FACTORY*
*WAREHOUSE CORPORATION*

Emma Powell
An employee of THE702FIRM

4

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

Electronically Filed
2/20/2020 1:10 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **ABREA**
MICHAEL C. KANE, ESQ.
2 | Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
3 | Nevada Bar No. 8857
JASON C. BARRON, ESQ.
4 | Nevada Bar No. 7270
5 | **THE702FIRM**
400 South 7th Street, #400
6 | Las Vegas, Nevada 89101
Telephone:    (702) 776-3333
7 | Facsimile:    (702) 505-9787
E-Mail:    mike@the702firm.com
8 |             brad@the702firm.com
9 |             jason@the702firm.com
and
10 |
ADAM S. KUTNER, ESQ,
11 | Nevada Bar No. 4310
12 | **ADAM S. KUTNER, P.C.**
1137 S. Rancho Drive, Suite 150-A
13 | Las Vegas, NV 89102
Telephone: (702) 382-0000
14 | *Attorneys for Plaintiff*
15 | MARYLOU QUIACUSAN,

**DISTRICT COURT**

16 |
**CLARK COUNTY, NEVADA**
17 |

18 | MARYLOU QUIACUSAN,                    | Case No. :    A-20-809306-C
                                          | Dept. No.:    24
19 |          Plaintiff,
     vs.                                   | **PLAINTIFF'S REQUEST FOR**
20 |                                        | **EXEMPTION FROM ARBITRATION**
21 | BURLINGTON    COAT    FACTORY
     WAREHOUSE CORPORATION, a Delaware
22 | Corporation; DOES I through X, inclusive,
     Nevada Residents; and ROE CORPORATIONS I
23 | through X, inclusive, Nevada Corporate Entities;

24 |          Defendants.

25 |          Plaintiff, by and through her counsel of record, MICHAEL C. KANE, ESQ., BRADLEY

26 | J. MYERS, ESQ., and JASON C. BARRON, ESQ. of THE702FIRM, hereby requests that the

27 | above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5,

28 | because the action has a probable jury award value in excess of $50,000.00.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF RELEVANT FACTS

This case involves a slip and fall incident that occurred on September 22, 2018, in Las Vegas, Nevada at the premises of Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, located at 5959 West Sahara Avenue in Las Vegas, Nevada. Plaintiff, Marylou Quiacusan, a business invitee, was walking near a cash register toward the exit when she slipped on a foreign liquid substance on the floor. As a result of the incident, Plaintiff sustained significant injuries.

## INJURIES AND DAMAGES

The day following the incident, Ms. Quiacusan presented to UMC Quick Care- Nellis, with complaints of right sided back pain, rib pain, right sided low back pain, back muscle spasms, and right hand pain. She was examined, x-rays were taken, and she was discharged with a right Velcro wrist splint, pain medication, anti-inflammatories, and instructions to follow-up with her own primary care provider.

On October 4, 2018, Ms. Quiacusan consulted with Advanced Orthopedics & Sports Medicine. In addition to the back pain, she also complained of right knee pain and swelling. An MRI of the right knee confirmed: **Acute medial meniscus tear; Acute lateral meniscus tear; Acute synovitis; and Acute chondromalacia**. On December 13, 2018, she underwent lateral meniscectomy, medial meniscectomy, excision of plica and synovectomy, and chondroplasty.

## MEDICAL SPECIALS TO DATE

| | MEDICAL PROVIDER(S) | DATE(S) OF SERVICE | CHARGES |
|---|---|---|---|
| 1. | UMC Quick Care – Nellis | 09/23/2018 | $2,945.89 |
| 2. | Desert Radiologists | 09/23/2018 – 02/12/2019 | $280.83 |
| 3. | Align Med Nellis | 09/28/2018 – 10/03/2018 | $500.00 |
| 4. | Advanced Orthopedics & Sports Medicine | 10/02/2018 – 06/05/2019 | $20,545.00 |
| 5. | Radar Medical Group | 10/31/2018 | $4,689.00 |
| 6. | LabCorp | 11/24/2018 | $812.00 |

2

| 7. | Parkway Surgery Center | 12/13/2018 | $12,544.37 |
|---|---|---|---|
| 8. | US Anesthesia Partners | 12/13/2018 | $1,043.00 |
| 9. | Select Physical Therapy | 01/09/2019 – 03/12/2019 | $2,461.00 |
| | **PARTIAL TOTAL** | | **$45,821.09** |

Due to the nature of Plaintiff's injuries, and the likelihood of permanence, the extent of damages in this matter is well in excess of the arbitration limit of $50,000.00.

### CONCLUSION

Based on the above and foregoing, Plaintiff respectfully request that the Arbitration Commissioner exempt this case from the arbitration program in accordance with NAR 3A and 5A.

I hereby certify, pursuant to N.R.C.P. 11, this case to be within the exemption marked above and am aware of the sanctions, which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this _20_ day of February, 2020.

THE702FIRM

_____
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JASON C. BARRON, ESQ.
Nevada Bar No. 7270
400 South 7th Street #400
Las Vegas, Nevada  89101
*Attorneys for Plaintiff*

3

1
2

## CERTIFICATE OF SERVICE

3
4

    I hereby certify that on the _26_ day of February, 2020, I caused service of a true and

5

correct copy of the foregoing **PLAINTIFF'S REQUEST FOR EXEMPTION FROM**

6

**ARBITRATION** to be made by the Eighth Judicial District Court's Odyssey E-File and Serve

7

program, upon all parties registered to use this service, in accordance with the Clark County

8

District Court's Administrative Order No. 14-2, issued 5/9/14:

9
10

Jonathan J. Hansen, Esq.
**HANSEN & HANSEN, LLC**

11

9030 West Cheyenne Avenue, Suite 210
Las Vegas, NV 89129

12

Ph. (702) 906-1300
Attorneys for Defendant

13

*BURLINGTON COAT FACTORY*
*WAREHOUSE CORPORATION*

14
15
16
17

Emma Powell
An employee of THE702FIRM

18
19
20
21
22
23
24
25
26
27
28

4

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

00003    Cal

# THE702FIRM
## ATTORNEYS AT LAW

400 S. Seventh Street, Suite 400   Las Vegas, NV 89101
Telephone (702) 776-3333   Facsimile (702) 505-9787
www.the702firm.com

Michael C. Kane, Esq.
Admitted in Nevada

Jefferson C. Temple, Esq.
Admitted in Nevada

Bradley J. Myers, Esq.
Admitted in Nevada and Arizona

Joel S. Hengstler, Esq.
Admitted in Nevada

Richard A. Englemann, Esq.
Admitted in Nevada

Mark Rouse, Esq.
Admitted in Nevada, California and Kentucky

Jason Barron, Esq.
Admitted in Nevada

Danielle M. Holt, Esq.
Admitted in Nevada

Michael S. Matzke, Esq.
Admitted in Nevada

August 19, 2019

*__Via Certified Mail__*
Gallagher Bassett Services, Inc
ATTN: CARLA JENKINS
P.O. Box 2934
Clinton, IA 52733

Received
AUG 29 2019

Re:     Your Insured:   Burlington Coat Factory
        Claim No.:      007087068767GB01
        Claimant:       Marylou D. Quiacusan
        Our Case No.:   206081
        Date of Loss:   September 22, 2018

Dear Sir/Madam:

My client, Marylou Quiacusan, is prepared to settle her claim against your insured. Enclosed please find the medical records and bills from the following medical providers:

| Medical Providers | Medical Specials |
|---|---|
| UMC Quick Care - Nellis | $2,945.89 |
| Desert Radiologist | $ 280.83 |
| Align Med Nellis | $ 500.00 |
| US Anesthesia Partners Nevada | $ 1,043.00 |
| Parkway Surgery Center | $12,544.37 |

30

00003

| | |
|---|---|
| Advanced Orthopedics & Sports Medicine | $20,545.00 |
| Select Physical Therapy | $2,461.00 |
| **TOTAL MEDICAL SPECIALS** | **$40,320.09** |

Please be advised that due to the nature and extent of the injuries incurred by our client, we are hereby **demanding $120,000.00** as full and final settlement conditional upon your providing of a copy of your insured's policy declaration sheet. This demand is also contingent on your representation that there is *no additional insurance coverage covering either the owner or the driver of the subject vehicle.* Further, your acceptance of this demand must be received, in writing, by 5:00 PM PST on September 19, 2019, or this offer is withdrawn.

Sincerely,

Bradley J. Myers, Esq.
BJM\br

31



USPS CERTIFIED MAIL

9214 8901 9403 8388 3939 94

## THE702FIRM

Attorneys At Law

400 S. Seventh Street Suite #400 Ls Vegas, NV 89101

Gallagher Basset Services
P.O. Box 2934
Clinton, Ia 52733

0070870687676GB01

CD

Carla Jenkins
Duluth

02 1P          $ 006.
0000911568    AUG 19
MAILED FROM ZIP CODE 8

32